```
Scott W. Rodgers, 013082
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2793
(602) 640-9000
srodgers@omlaw.com
```

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Lyons,<br><br>            Plaintiff,<br><br>vs.<br><br>Salt River Pima-Maricopa Indian Community AKA Talking Stick Resort,<br><br>            Defendant. | No. CV-23-01117-PHX-SMM<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS** |

Counsel of record for Defendant Salt River Pima-Maricopa Indian Community (the "Community") hereby responds in opposition to Plaintiff Motion for Sanctions Against Defendant Lawyers and Memorandum of Points and Authorities ("Motion") (Doc. 15). Because Plaintiff has not established a violation of Rule 11 of the Federal Rules of Civil Procedure, the Court should deny the Motion and award Defendant attorneys' fees under Fed. R. Civ. P. 11(c)(2) for the attorneys' fees incurred responding to Plaintiff's Motion.

Plaintiff first contends that Defendant's Motion to Dismiss seeking dismissal based on sovereign immunity principles (Doc. 11) was made for an improper purpose because it will cause delay and needlessly increase the cost of litigation. (Mot. at 2, 4.) Defendant's Motion to Dismiss is expressly authorized by Fed. R. Civ. P. 12(b)(1), which permits defendants to file motions to dismiss based on lack of subject-matter

jurisdiction. Moreover, because the Motion to Dismiss should be granted, it will result in an early decision in the case, which will decrease the cost of litigation.

Second, Plaintiff challenges the underlying legal basis for the Motion to Dismiss. Specifically, Plaintiff claims that in the Motion to Dismiss, Defendant "motioned using supporting cases, and authorities of cases that have long been overruled and overturned" and used "cases and citations that are no longer followed in legal cases and have been superseded by other cases." (Mot. at 2, 5.) Unsurprisingly, Plaintiff does not identify a single case that Defendant cited in the Motion to Dismiss or the Reply that has been overruled, with appropriate citation to the subsequent decision. That is because none of the cases Defendant cited in its Motion to Dismiss briefing actually has been overruled.

At bottom, Plaintiff takes issue with the sovereign immunity principles upon which the Motion to Dismiss is premised. Plaintiff contends the Bureau of Indian Affairs document published in the Federal Register that Defendant cited in the Motion to Dismiss "is just a letter and not law." (Mot. at 3.) The document Defendant cited is found at 88 Fed. Reg. 2112 (January 12, 2023). The document recites the Bureau of Indian Affairs' statutory authority to publish a list of federally recognized Indian tribes in the United States.

Defendant cited this publication in the Motion to Dismiss for the proposition that the Community is a recognized sovereign Indian tribe. Indeed, the Bureau of Indian Affairs' document states that the Indian tribes listed in the document are "federally recognized Indian Tribes" that "have the immunities and privileges available to federally recognized Indian Tribes by virtue of their government-to-government relationship with the United States." 88 Fed. Reg. 2112. The Community is one of the listed Indian tribes *Id.* at 2114.

Plaintiff cites no authority that the Bureau of Indian Affairs document is incorrect or that the Community is not a recognized, sovereign Indian tribe. Nor could he. Several federal courts, including courts in this District, the Ninth Circuit Court of

Appeals, and the United States Supreme Court have recognized the Community's status as a sovereign Indian tribe. *Preciado v. Great Wolf Lodge*, No. CV-22-01422-PHX-DLR, 2023 WL 5432319, at *2 (D. Ariz. Aug. 23, 2023) ("Sovereign immunity therefore applies, and this Court lacks subject-matter jurisdiction over Plaintiffs' claims against the Salt River Defendants" including the Community.); *Dedicato Treatment Ctr., Inc. v. IEC Grp., Inc.*, No. 2:22-CV-04045-CAS-E, 2022 WL 18216009, at *1 (C.D. Cal. Nov. 22, 2022) (the Community is "a sovereign nation under United States law"); *Loring v. Daly,* No. CV1905133PHXJATJFM, 2021 WL 2105571, at *3 (D. Ariz. May 25, 2021) (citing 85 Fed. Reg. 5462 (Jan. 30, 2020)) ("The Salt River Pima Maricopa Indian Community (SRPMIC or "Community") is a federally recognized sovereign Indian tribe."); *Drake v. Salt River Pima-Maricopa Indian Cmty.*, 411 F. Supp. 3d 513, 518–20 (D. Ariz. 2019) (concluding that the Community retained sovereign immunity as a sovereign nation); *Phillips v. Salt River Police Dep't*, No. CV-13-798-PHX-LOA, 2013 WL 1797340, at *4 (D. Ariz. Apr. 29, 2013) ("Plaintiff has brought this action against the Salt River Pima-Maricopa Indian Community of the Salt River Reservation, Arizona, a federally-recognized Indian tribe, which is presumptively entitled to sovereign immunity"); *Fields v. Salt River Pima-Maricopa Indian Cmty.*, 379 F. App'x 673 (9th Cir. 2010) (concluding suit barred against the Community by sovereign immunity); *Salt River Pima-Maricopa Indian Cmty. v. State of Ariz.*, 50 F.3d 734, 735 (9th Cir. 1995) ("The Community . . . enjoys official status as a tribe under the Indian Reorganization Act of 1934"); *Atl. States Legal Found. v. Salt River Pima-Maricopa Indian Cmty.*, 827 F. Supp. 608 (D. Ariz. 1993) (recognizing the Community's tribal status); *Duro v. Reina*, 495 U.S. 676, 679 (1990) (recognizing the Community as a sovereign Indian tribe), *superseded by statute on other grounds as recognized by United States v. Lara*, 541 U.S. 193 (2004).

The Court should deny Plaintiff's Motion. His arguments are not supported and they are incorrect.[1] Defendant requests that the Court award it the attorneys' fees it has incurred in responding to Plaintiff's Motion pursuant to Fed. R. Civ. P. 11(c)(2).

DATED this 14th day of September, 2023.

OSBORN MALEDON, P.A.


By     s/ Scott W. Rodgers
       Scott W. Rodgers
       2929 North Central Avenue, Suite 2000
       Phoenix, Arizona  85012-2793

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically transmitted using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants this 14th day of September, 2023, and mailed and emailed to the following:

Sean Lyons
P.O. Box 25893
Scottsdale, Arizona  85255
seanlyons144@outlook.com

Plaintiff  Pro Per


s/ Karen Willoughby

---

[1] Plaintiff spends several pages in the Motion (at 6-9) arguing about ethics, fraud, and demeanor, all of which is irrelevant to a Rule 11 Motion. Moreover, the Court should ignore Plaintiff's substantive arguments about the underlying Motion to Dismiss because those arguments are effectively an improper sur-reply. In any event, Defendant addressed the substantive arguments in its briefing on the Motion to Dismiss.